IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 23 A 11: 42

| | |
|---|---|
| RUEBEN RAY SMITHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:05cv1222 |
| ) | |
| PENNSYLVANIA LIFE INSURANCE ) | |
| COMPANY, individually and as successor in ) | |
| interest to EXECUTIVE FUND LIFE ) | |
| INSURANCE COMPANY ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff in the above-styled matter and hereby submits the following Complaint.

## PARTIES

1. Plaintiff, RUEBEN RAY SMITHERMAN (hereinafter referred to as "Plaintiff"), is an adult resident of Clanton, Chilton County, Alabama.

2. Defendant, PENNSYLVANIA LIFE INSURANCE COMPANY (hereinafter referred to as "Defendant" or "Penn Life"), is a Pennsylvania corporation doing business in the State of Alabama. Penn Life is the successor in interest to Executive Fund Life Insurance Company, which merged into Penn Life on July 15, 1996.

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this matter based upon 28 U.S.C. § 1332, in that there is complete diversity of jurisdiction between Plaintiff and Defendant and the amount in controversy is in excess of $75,000.00.

4. Furthermore, venue is proper in the Middle District of Alabama, Northern Division, as the insurance contract at issue in this lawsuit was entered into in Clanton, Alabama, and a substantial part of the acts, omissions or events giving rise to this lawsuit occurred in the city of Clanton, Chilton County, Alabama.

## TRIAL BY JURY

5. Plaintiff is entitled to and hereby requests a trial by jury. **U.S. Const. Amend. 7, Fed.R.Civ.Proc. 38.**

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

6. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of fact, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendant under state law provisions.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

7. Plaintiff respectfully requests that this Honorable Court instruct the jury, that in addition to an award of damages, the costs of litigation as well as reasonable attorneys fees incurred by the Plaintiff may be awarded under the state law provisions asserted.

## FACTS

8. Plaintiff is 56 years old and has been a carpenter and commercial fisherman for most of his adult life. Plaintiff was a sole proprietor who always worked for himself. As a carpenter, he

-2-

specialized in building boat houses, sea walls and piers in the Chilton County area, where he has lived all of his life.

9. On or around February of 1989, at his home in Clanton, Alabama, Plaintiff was sold a disability insurance policy from Executive Fund Life Insurance Company by one of its licensed agents or representatives, Lisa Hammock. Executive Fund merged into Defendant Penn Life in 1996.

10. In or around February of 1989, when Plaintiff purchased and/or applied for the policy at issue at his home in Clanton, Alabama, Lisa Hammock, acting as an agent of the Defendant with authority, made the following material representations regarding the policy purchased by the Plaintiff: that the policy was a disability/accident insurance product; that the policy provided similar benefits as workmen's compensation insurance; that the policy would provide benefits to the Plaintiff in the event he was injured on the job; that the policy would compensate the Plaintiff for medical expenses and lost time and work due to injury sustained on the job; and that the Defendants would provide fast, fair and proper claims service.

11. The policy at issue provides coverage to the Plaintiff for, among other things, an injury which caused him to be disabled so that he could no longer work at his current occupation.

12. Plaintiff immediately began paying premiums. All premiums were paid solely by Plaintiff.

13. On or about December 20, 1999, Plaintiff was working on a boathouse at Lay Lake. He was standing in a boat, driving posts into the riverbed with a 40 lb. hammer, when he swung and missed the top of the post. His hammer continued to swing downward until it glanced off the side of the boat in which he was standing. This movement, coupled with the weight of the hammer,

brought the Plaintiff down with it. The Plaintiff fell on his back on a pile of lumber. He has been unable to perform manual labor or any functions related to his occupations since this time.

14. Soon thereafter, Plaintiff contacted Penn Life and filed a claim in 2000.

15. Since his accident, Plaintiff has been seen by several treating physicians, all of whom have concluded that he suffered an on the job injury to his lower back. Plaintiff even had surgery on his lower back in February of 2002.

16. Plaintiff has been totally disabled as a result of the December 20, 1999, injury. Plaintiff has been and will be unable to perform each and every duty of his regular occupation.

17. Defendant Penn Life has refused to provide disability benefits guaranteed to him under the disability policy at issue.

18. Plaintiff did not discover the Defendant's wrongdoing as set out herein until within two years of filing this lawsuit.

## COUNT I
### (Breach of Contract)

19. Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any other claim, it is pleaded in the alternative.

20. A valid and enforceable contract exists, and has existed since February of 1989, between Plaintiff and Defendant.

21. Under the terms of said contract the Defendant agreed to pay benefits to Plaintiff as a result of an injury he sustained performing the duties of his occupation.

22. Defendant breached its contract by its failure to properly investigate and pay the full amount of the insurance claim.

23.     As a direct proximate result of Defendant's breach, Plaintiff has suffered damages. In this regard, Plaintiff has been caused pain and suffering as well as extreme and severe emotional distress. Plaintiff has lost out on the value of his past, present and future policy benefits for which he paid adequate consideration. Plaintiff has been unable to generate income to pay existing debts. In addition, Plaintiff has incurred thousands of dollars in medical expenses that Defendant has refused to pay. Plaintiff has also lost the value and use of monies which should have been paid by Defendant, plus interest thereon. Plaintiff has lost the value of the premiums paid, plus interest thereon. Plaintiff has also sustained loss of income.

WHEREFORE, Plaintiff demands judgment of the Defendant for compensatory damages in an amount to be determined by a jury, plus interest and costs.

## COUNT II
### (Bad Faith)

24.     Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any other claim, it is pleaded in the alternative.

25.     Defendant's breach also amounts to a bad faith refusal to properly investigate, handle and pay a valid claim. No arguable or legitimate reason existed for Defendant's refusal to properly investigate, handle or pay Plaintiff's claims. Defendant, at all times, had knowledge that no valid reason existed for refusal to pay Plaintiff's claim. Defendant also failed to properly investigate, handle and pay Plaintiff's claim in good faith. Defendant's conduct was willful, oppressive, wanton and reckless. Furthermore, upon information and belief, such conduct by this Defendant is a part of a pattern and practice of activities involving policyholders nationwide and in Alabama.

26. As a direct proximate result of Defendant's breach of contract and/or bad faith refusal to investigate, handle and pay valid claims, Plaintiff has suffered damages as set out in Count One.

WHEREFORE, Plaintiff demands judgment of the Defendant for punitive and compensatory damages in an amount to be determined by a jury, plus interest and costs.

## COUNT III
### (Fraudulent Misrepresentation)

27. Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any other claim, it is pleaded in the alternative.

28. In or around February of 1989, at the Plaintiff's home in Clanton, Alabama, Defendant, by and through its agents, representative or employee Lisa Hammock, misrepresented, either intentionally, negligently, or recklessly without knowledge, the following present, material facts to Plaintiff regarding the nature of the policy in question:

(a) That it was a disability/occupational hazard insurance product;

(b) That the policy provided similar benefits as workmen's compensation insurance;

(c) That the policy would provide benefits to the Plaintiff in the event he was injured and could not work;

(d) That the policy would compensate the Plaintiff for medical expenses and lost time at work due to injury sustained on the job; and

(e) That in the event of loss, the Defendant would provide fast, fair and proper claims service.

29. The above representations were false, and were deliberately, negligently or recklessly presented to the Plaintiff by Defendant in full knowledge of their falsity or with reckless disregard as to the truth and with the intent that the Plaintiff should purchase a policy based on these false representations. Upon information and belief, such conduct by the Defendant is a part of a pattern and practice of activities involving policyholders nationwide and in Alabama.

30. Plaintiff did not know the above representations were false, and relied upon the above present, material representations that were prepared by Defendant. Plaintiff had a right to rely on the above representations by the Defendant.

31. Damages to Plaintiff occurred as a direct, proximate consequence of the intentional, negligent, or reckless misrepresentations of present, material facts. Plaintiff was damaged as set out in Count One. Plaintiff's damages additionally include paying premiums on a policy that was not as represented, the loss of the value of the premium payments, the loss of interest on the premium payments and the loss of the policy of insurance that was represented to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for punitive and compensatory damages in an amount to be determined by a jury, plus interests and costs.

### COUNT IV
### (Fraudulent Suppression/Failure to Disclose)

32. Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any other claim, it is pleaded in the alternative.

33. In or around February of 1989, and all relevant times thereafter, Defendant concealed and/or withheld the following material facts concerning insurance coverage procured and underwritten through Defendant:

(a) That the policy did not provide benefits similar to workmen's compensation insurance;

(b) That the policy would not provide benefits to the Plaintiff in the event he was injured;

(c) That the policy would not compensate the Plaintiff for medical expenses and lost time at work due to an injury sustained on the job;

(d) That in the event of loss, the Defendant would not provide proper, fast and fair claims service; and

(e) That in the event of loss, the Defendant would wrongfully, improperly, negligently, intentionally, wantonly and/or with bad faith investigate, handle or pay on the Plaintiff's claim.

34. The concealed and/or withheld material facts were so withheld and/or concealed by Defendant despite the fact that it was in a position of vastly superior knowledge to that of Plaintiff concerning insurance matters. Defendant had a duty to disclose such facts. Upon information and belief, such conduct by the Defendant is a part of a pattern and practice of activities involving policyholders nationwide and in Alabama.

35. Plaintiff suffered damages as a proximate consequence of Defendant's suppression and concealment of present, material facts. Plaintiff has been damaged as set out in Counts One and Three.

WHEREFORE, Plaintiff demands judgment against Defendant for punitive and compensatory damages in an amount to be determined by a jury, plus interests and costs.

## COUNT V
### (Negligent, Reckless or Wanton Hiring, Training, Monitoring and Supervision)

36. Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any other claim, it is pleaded in the alternative.

37. Plaintiff avers that Defendant had the duty to supervise, employ and retain competent, and responsible agents, servants, employees and/or representatives to carry out its business. Plaintiff avers that Defendant breached this duty with regard to the claims adjustors who investigated and/or handled the Plaintiff's claim at issue.

38. Said duty requires ascertaining the qualifications, skills and abilities, including but not limited to, determining and monitoring the representatives' conduct while performing company business to ensure that the company's business is being carried out in a proper manner by its agents, servants, representatives and/or employees.

39. Defendant negligently and/or wantonly and/or recklessly breached this duty by failing and refusing to train, supervise, employ and retain competent and responsible agents, servants, employees and representatives. Further, Defendant negligently and/or wantonly breached its duty to promptly investigate, ascertain and determine the skills and conduct of their agents, servants, employees and/or representatives and to determine the ability of such agents, servants, representatives and employees to properly conduct company business. Finally, Defendant negligently and/or wantonly and/or recklessly breached its duty to fully and completely train, supervise, monitor or otherwise ensure that their business was being operated in a proper manner by its agents, servants, representatives, and/or employees.

40. As a direct and proximate result of Defendant's combining and concurring negligent and/or wanton acts, Plaintiff was caused to suffer financial loss, economic hardship and mental anguish as set out in Count One and other Counts.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest from the date of injury, costs and any other relief to which Plaintiff may be entitled.

## COUNT VI
### (Unjust Enrichment/Constructive Trust)

41. Plaintiff adopts and incorporates by reference the allegations of each and every preceding paragraph contained herein; and to the extent this claim contradicts any other claim, it is pleaded in the alternative.

42. From the circumstances outlined in the Complaint, Defendant has been unjustly enriched by the premiums and related fees which it collected in connection with the sale of its policy to Plaintiff.

43. Accordingly, this Court should impose a constructive trust on the premiums and related fees which Defendant wrongfully and improperly obtained and retained as a result of the sale of the policy at issue to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for punitive and compensatory damages in an amount to be determined by a jury, plus interest and costs.

## COUNT VII
### (Negligence and Wantonness)

44. Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

45. The circumstances described above amount to Negligence or Wantonness on the part of the Defendant.

46. Such Negligence or Wantonness was the proximate cause of damage to Plaintiff, and Plaintiff suffered damages as set out in Count One and other Counts.

47. Defendant is for all damages sustained by Plaintiff as a result of the tortious conduct set forth herein, plus interest from the date of injury, costs, and any other relief to which Plaintiff may be entitled.

## COUNT VIII
### (Breach of Implied Covenant and/or Duty of Good Faith and Fair Dealing)

48. Plaintiff adopts and incorporates by reference all of the preceding allegations; and to the extent this claim contradicts any preceding claims or allegations, the following is pleaded in the alternative.

49. A contract existed between the Plaintiff and the Defendant.

50. A duty and/or covenant of good faith arose out of the contractual and special relationship between the Plaintiff and the Defendant.

51. Plaintiff purchased insurance coverage hoping to protect himself against the losses described herein.

52. The Defendant agreed to provide the coverage under certain terms and for a specified premium.

53. The Defendants breached its duty of good faith and fair dealing by its failure to properly investigate, handle, and the Plaintiff's insurance claim and pay benefits under the policy. Said breach was the proximate cause of damages to the Plaintiff, and Plaintiff suffered damages as set forth in Count One and other Counts.

54. Defendant is liable to Plaintiff for all damages sustained by Plaintiff as a result of the tortious conduct set forth herein, plus interest from the date of injury, costs, and any other relief to which Plaintiff may be entitled.

55. **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Robert G. Methvin, Jr. /(MET009)
J. Matthew Stephens (STE153)
Rodney G. Miller (MIL126)
Attorneys for Plaintiff

**OF COUNSEL:**

**McCALLUM & METHVIN, P.C.**
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
(205) 939-0199

**Please serve Defendant by Certified Mail at:**

D. Kendall Taylor
Pennsylvania Life Insurance Company registered agent for service of process
502 E. Notch St.
Andalusia, AL 36420