IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RUEBEN RAY SMITHERMAN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-1222 |
| ) | |
| **PENNSYLVANIA LIFE INSURANCE** ) | |
| **COMPANY, individually and as successor** ) | |
| **in interest to EXECUTIVE FUND LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
|     **Defendant.** ) | |

**ANSWER OF DEFENDANT PENNSYLVANIA LIFE INSURANCE COMPANY'S**

Defendant Pennsylvania Life Insurance Company ("Penn Life" or "Defendant"), files the following Answer to Plaintiff's Complaint and states as follows:

**PARTIES**

1.    Upon information and belief, Penn Life admits the allegations contained in paragraph 1 of the Complaint.

2.    Penn Life admits the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.    Penn Life admits the allegations contained in paragraph 3 of the Complaint but denies that Plaintiff is entitled to any damages in this action.

4.    Penn Life admits the allegations contained in paragraph 4 of the Complaint.

**TRIAL BY JURY**

5.    Penn Life admits the allegations contained in paragraph 5 of the Complaint.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

6. Penn Life denies that this action warrants punitive damages or that Plaintiff is entitled to punitive damages.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

7. Penn Life denies that Plaintiff is entitled to costs or attorneys' fees.

## FACTS

8. With respect to the allegations in paragraph 8 of the Complaint, Penn Life admits only that the application submitted relative to this insurance policy states that Plaintiff's birthday is November 19, 1949 and that he was employed as a carpenter. Penn Life lacks sufficient knowledge to either admit or deny the remaining allegations in this paragraph of the Complaint.

9. With respect to the allegations in paragraph 9 of the Complaint, Penn Life admits only that Executive Fund Life Insurance Company issued policy no. 17087668-0 on August 11, 1987, and that the sales agent listed on the application was Lisa Hammock. Penn Life further admits that it has the contractual obligations for this policy issued by Executive Fund Life Insurance Company.

10. Penn Life denies the allegations contained in paragraph 10 of the Complaint.

11. With respect to the allegations in paragraph 11 of the Complaint, Penn Life states that the language of policy no. 17087668-0 speaks for itself with respect to its coverage provisions and Penn Life denies that plaintiffs allegations in paragraph 11 are an accurate statement of the definition of "Total Disability" under the policy.

12. Penn Life is without sufficient knowledge of information to either admit or deny the allegations contained in paragraph 12 of the Complaint.

01286750.1

13. Penn Life is without sufficient knowledge of information to either admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Penn Life admits that Plaintiff first filed a claim for benefits in June of 2000. Plaintiff filed a second claim in March of 2002.

15. Penn Life is without sufficient knowledge of information to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Penn Life denies the allegations contained in paragraph 16 of the Complaint.

17. Penn Life denies the allegations contained in paragraph 17 of the Complaint and denies that Plaintiff has proved entitlement to benefits under the policy.

18. Penn Life denies the allegations contained in paragraph 18 of the Complaint.

## COUNT I
### (Breach of Contract)

19. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

20. Penn Life admits the allegations contained in paragraph 20 of the Complaint, except that the issue date of the policy is August 11, 1987.

21. Penn Life denies the allegations contained in paragraph 21 of the Complaint.

22. Penn Life denies the allegations contained in paragraph 22 of the Complaint.

23. Penn Life denies the allegations contained in paragraph 23 of the Complaint.

## COUNT II
### (Bad Faith)

24. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

25. Penn Life denies the allegations contained in paragraph 25 of the Complaint.

26. Penn Life denies the allegations contained in paragraph 26 of the Complaint.

## COUNT III
### (Fraudulent Misrepresentation)

27. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

28. Penn Life denies the allegations contained in paragraph 28 of the Complaint.

29. Penn Life denies the allegations contained in paragraph 29 of the Complaint.

30. Penn Life denies the allegations contained in paragraph 30 of the Complaint.

31. Penn Life denies the allegations contained in paragraph 31 of the Complaint.

## COUNT IV
### (Fraudulent Suppression/Failure to Disclose)

32. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

33. Penn Life denies the allegations contained in paragraph 33 of the Complaint.

34. Penn Life denies the allegations contained in paragraph 34 of the Complaint.

35. Penn Life denies the allegations contained in paragraph 35 of the Complaint.

## COUNT V
### (Negligent, Reckless, or Wanton Hiring, Training, Monitoring and Supervision)

36. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

37. Penn Life denies the allegations contained in paragraph 37 of the Complaint.

38. Penn Life denies the allegations contained in paragraph 38 of the Complaint.

39. Penn Life denies the allegations contained in paragraph 39 of the Complaint.

40. Penn Life denies the allegations contained in paragraph 40 of the Complaint.

## COUNT VI
### (Unjust Enrichment/Constructive Trust)

41. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

42. Penn Life denies the allegations contained in paragraph 42 of the Complaint.

43. Penn Life denies the allegations contained in paragraph 43 of the Complaint.

## COUNT VII
### (Negligence and Wantonness)

44. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

45. Penn Life denies the allegations contained in paragraph 45 of the Complaint.

46. Penn Life denies the allegations contained in paragraph 46 of the Complaint.

47. Penn Life denies the allegations contained in paragraph 47 of the Complaint.

## COUNT VIII
### (Breach of Implied Covenant and/or Duty of Good Faith and Fair Dealing)

48. Penn Life re-alleges and asserts its previous responses to the above paragraphs.

49. Penn Life admits the allegations contained in paragraph 49 of the Complaint.

50. Penn Life denies the allegations contained in paragraph 50 of the Complaint.

51. Penn Life is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 51 of the Complaint.

52. Penn Life admits only that its predecessor company issued policy no. 17087668-0 and agreed to be bound by the terms and conditions of that policy.

53. Penn Life denies the allegations contained in paragraph 53 of the Complaint.

54. Penn Life denies the allegations contained in paragraph 54 of the Complaint.

55. Penn Life acknowledges that Plaintiff has requested trial by struck jury.

## FIRST DEFENSE

The Complaint and each and every count thereof fails to state a claim against Penn Life upon which relief can be granted.

01286750.1

## SECOND DEFENSE

Penn Life avers that Plaintiff's claims are barred, in whole or in part, by res judicata, collateral estoppel, waiver, contributory negligence, accord and satisfaction, failure to read, release and/or estoppel.

## THIRD DEFENSE

Plaintiff has failed to provide sufficient or adequate proof of loss and/or proof of disability.

## FOURTH DEFENSE

If it is determined that Plaintiff is entitled to benefits under the Penn Life policy, which entitlement is denied, such entitlement does not mean that he would be entitled to future benefits given, among other things, the possibility of his recovery from any alleged disability, as well as the effect of the terms, conditions, limitations, exclusions, and other provisions of the policy.

## FIFTH DEFENSE

In the event Plaintiff is found to be entitled to accrued benefits under the Penn Life policy through the date of trial, which entitlement is denied, he is not entitled to future unaccrued benefits.

## SIXTH DEFENSE

Some or all of the claims are subject to the primary or exclusive jurisdiction of the Alabama Department of Insurance.

## SEVENTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### EIGHTH DEFENSE

Plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the policy of insurance made the basis of this lawsuit.

### NINTH DEFENSE

Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a).

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of diligence.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

### THIRTEENTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Penn Life owes no legal responsibility.

### FOURTEENTH DEFENSE

Penn Life avers that it acted in accordance with industry standards at all material times.

### FIFTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to mitigate damages.

### SIXTEENTH DEFENSE

Plaintiff cannot recover damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove he has sustained a physical injury as a result of Penn

Life's alleged conduct or that plaintiff was placed in immediate risk of physical harm by that conduct.

## SEVENTEENTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## EIGHTEENTH DEFENSE

Any award of punitive damages in this case would violate Penn Life's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Alabama Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Alabama Constitution.

## NINETEENTH DEFENSE

Plaintiff's claims for punitive damages against Penn Life cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the applicable state Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the corresponding Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## TWENTIETH DEFENSE

Any award of punitive damages based on anything other than Penn Life's conduct in connection with the handling of the specific claim that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection

01286750.1

Clauses of the United States Constitution and the Alabama Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the corresponding constitutional provisions of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically demands and incorporates herein by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

### TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case would violate Defendant's rights under the Contract Clause of Article I, Section 10 of the United States Constitution and the corresponding provisions of the Alabama Constitution in that it would impair the contractual obligations to the parties in this litigation.

### TWENTY-THIRD DEFENSE

Plaintiff's demand for punitive damages violates Defendant's right to due process and equal protection guaranteed by the United States Constitution and the Alabama Constitution, as the standards for assessing the propriety and amount of punitive damages violate the respective constitutional prohibitions against vague and overbroad laws.

### TWENTY-FOURTH DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article I, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the

01286750.1

Commerce Clause to the extent that such award punishes acts or omissions which allegedly have occurred solely outside of state boundaries.

### TWENTY-FIFTH DEFENSE

Any award of punitive damages based in whole or in part on the net worth, wealth, or value of assets of Defendant would violate their right to equal protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the corresponding sections of the pertinent state Constitution.

### TWENTY-SIXTH DEFENSE

Defendant reserves the right to assert other defenses and claims when and if it becomes necessary.

                                             _____
                                             John A. Smyth III
                                             Attorney for Defendant
                                             Pennsylvania Life Insurance Company

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000
Facsimile: (205) 254-1999

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person(s) by placing a copy of same in the United States mail, postage prepaid and properly addressed, this the 6th day of February, 2006.

Robert G. Methvin Jr.
McCallum & Methvin, PC
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205

                                             _____
                                             OF COUNSEL