IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUEBEN RAY SMITHERMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:05cv1222-MEF |
| | ) |
| PENNSYLVANIA LIFE INSURANCE | ) |
| COMPANY, individually and as | ) |
| successor in interest to EXECUTIVE | ) |
| FUND LIFE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**CONSENT PROTECTIVE ORDER**

To facilitate discovery in this action, to protect the parties' interests in the confidentiality of certain proprietary and sensitive documents, to protect the parties' interests in the confidentiality of personally sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the parties hereby stipulate and agree that documents and information produced by the parties in this action shall be subject to the terms and conditions of this Consent Protective Order ("Order"):

1. This Order shall govern all documents produced by Plaintiff and Defendant in this action. Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

2. Documents and information produced in this action shall be used solely for the purpose of this action or subsequent appeal, and unless the Court rules otherwise, such

documents or information shall not be disclosed to any person other than:

    a.    the parties to this action;

    b.    counsel of record for any party to this action;

    c.    the clerical, paralegal staff, or other support staff of such counsel to this action employed during the preparation for and trial and/or appeal of this action;

    d.    persons retained by any party to this action to furnish expert services or advice or to give expert testimony in this action (and their employees);

    e.    deponents and court reporters in this action;

    f.    the Court and court personnel;

    g.    potential witnesses or consultants; and

    h.    outside photocopying services.

3.    Confidential Documents or information disclosed to any such person shall not be disclosed by him or her to any other person not within the foregoing subparagraphs (a) through (h) of this paragraph. No such documents or information shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action.

4.    Prior to making such disclosure of any documents or information pursuant to paragraph 2, counsel for the parties in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may only be used for the purposes set forth in this Consent Protective Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a

copy of this Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual.

5. This Order does not affect either party's ability to use any produced document or information at trial.

6. Within 30 days after final termination of this action, including any appeals, and upon written request of the producing party, all documents or information or copies thereof and non-privileged notes made therefrom, shall be returned to counsel for the party who produced the documents.

7. Nothing in this Order shall prevent a party from any use of his or her own confidential and/or proprietary documents.

8. The inadvertent or unintentional disclosure of any attorney-client privileged, work product immunity protected, or confidential information, shall not be construed to be a waiver, in whole or in part, of Plaintiff's or Defendant's respective claims of attorney-client privilege, work product immunity, or confidentiality, either as to the specific attorney-client privileged, work product immunity protected, or confidential information disclosed or as to other related information.

9. The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties in writing, or by order of the Court.

Done this 21st day of August, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE